**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 96-CR-20063-DT

VENTON DALE TALLEY,

    Defendant.
                                            /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)**

Before the court is Defendant Venton Dale Talley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the court will grant the motion and reduce Defendant's sentence.

**I. BACKGROUND**

On November 20, 1996, a four-count indictment was filed against Defendant Venton Dale Talley, charging him with Conspiracy to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, two counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). On May 7, 1997, the jury returned a guilty verdict against Defendant on all four counts, and on August 19, 1997 the court sentenced Defendant to a 292 month prison term, five years supervised release, and a $5,000 fine.

Defendant appealed his conviction on August 27, 1997, challenging various aspects of his trial. On August 24, 1999, the Court of Appeals affirmed the conviction, but remanded the case for resentencing consistent with its determination "that it was

clear error for the district court to enhance Talley's sentence under § 3B1.1(c)" of the guidelines based upon his role in the offense. *United States v. Talley*, 188 F.3d 510, 1999 WL 685938, *7 (6th Cir. Aug. 24, 1999).

At the resentencing hearing on December 9, 1999, the court adjusted the guideline range by removing the two-level enhancement and sentenced the Defendant to 240 months imprisonment.

## II. STANDARD

A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Under 18 U.S.C. § 3582, the court may "reduce the term of imprisonment" "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has issued a policy statement regarding sentence reductions pursuant to § 3582(c)(2), which (1) outlines those situations in which a prisoner is eligible for a reduction under the statute, (2) lists the factors a court must take into account when considering a defendant's sentence reduction, and (3) puts limitations on the extent to which a court may reduce a sentence. *See* U.S.S.G. § 1B1.10.

First, § 3582(c)(2) can apply only to those amendments listed in its subsection (c), U.S.S.G. § 1B1.10(a)(1), which as of March 3, 2008 includes the amendment

modifying the guideline range for cocaine base offenses.[1]  See U.S.S.G. § 1B1.10(c). Section 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect, U.S.S.G. § 1B1.10(a)(2)(B).

Second, when deciding whether and to what extent to reduce a defendant's sentence under § 3582(c)(2), the court must consider those factors listed in the policy statement.  A prisoner is not guaranteed a sentence reduction pursuant to § 3582(c)(2) as a matter of right; rather, the court has the discretion to deny a § 3582(c)(2) motion. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *see also* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment . . . ." (emphasis added)). When exercising this discretion, the court must first take into account "the amended guideline rage that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).  When deciding the amended guideline range, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  *Id.*  Additionally, the court must take into consideration the factors set forth in 18 U.S.C. § 3553(a),[2] U.S.S.G. § 1B1.10 cmt.

---

[1] The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply.  *See* U.S.S.G. § 1B1.10(c).

[2] These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the purposes of penal punishment, including retributivism, deterrence, incapacitation, and rehabilitation, (3) the kinds of sentences available, (4) the applicable

3

n.1; 18 U.S.C. § 3582(c)(2), and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10 cmt. n.1. Finally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id.*

### III. DISCUSSION

The court agrees that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as construed in the Sentencing Commission's policy statement, due to Amendments 706 and 711 to the Guidelines. Amendment 706 is listed in subsection (c) of the policy statement, U.S.S.G. § 1B1.10(a)(1), (c), and it both applies to and would have a lowering effect on Defendant's sentencing range. U.S.S.G. § 1B1.10(a)(2). Thus, the court must determine, in light of Defendant's amended guideline range, whether the factors listed in 18 U.S.C. § 3553(a), public safety considerations, and Defendant's post-sentencing conduct recommend a sentence reduction.

Defendant's amended guideline range is 188-235 months. After taking into the amended guideline range, the relevant sentencing factors, and Defendant's post-sentencing conduct, the court is persuaded a reduction is justified. The court is most persuaded by Defendant's recent activity in prison, demonstrating a seemingly positive, non-drug related, focus on improvement. While Defendant has had seven non-violent incident reports while incarcerated, he has not received any since July 12, 2007.

---

sentencing range under the guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

4

Instead, Defendant has spent the last three years teaching chess courses, taking writing and typing classes, and apparently attempting to write a book about chess. Defendant appears to be headed in the right direction.

Nonetheless, while the court finds that a reduction is appropriate, the court will not grant the maximum reduction. The court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10 cmt. n.1, and the relevant factors under 18 U.S.C. § 3553(a)–in particular to this case, the nature and severity of Defendant's offense, and the need for the sentence to reflect the purposes of penal punishment. After considering all the relevant factors, the court will order a reduction of sentence to 212 months, which is just over the mid-point of the relevant range. The court finds 212 months imprisonment to be the appropriate term under the circumstances of this case.

### IV. CONCLUSION

IT IS ORDERED that Defendant Venton Dale Talley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. # 145] is GRANTED.

IT IS FURTHER ORDERED that Defendant's sentence is REDUCED to 212 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2). All other conditions previously imposed remain as originally entered. A Judgment will issue.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 13, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\96-20063.TALLEY.3583.Grant.wpd