**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No. 96-CR-20063-DT

VENTON DALE TALLEY,

    Defendant.
                                                     /

**OPINION AND ORDER TERMINATING REPRESENTATION
AND DENYING MOTION FOR RECONSIDERATION**

On April 13, 2010, the court entered an order granting Defendant Venton Dale Talley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On April 26, 2010, Defendant timely filed a motion for reconsideration. No response or hearing on the motion is required. *See* E.D. Mich. LR 7.1(h)(2). For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

On November 20, 1996, a four-count indictment was filed against Defendant Venton Dale Talley, charging him with Conspiracy to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, two counts of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). On May 7, 1997, the jury returned a guilty verdict against Defendant on all four counts, and on August 19, 1997, the court sentenced Defendant to a 292 month prison term, five years supervised release, and a $5,000 fine.

Defendant appealed his conviction on August 27, 1997, challenging various aspects of his trial. On August 24, 1999, the Court of Appeals affirmed the conviction, but remanded the case for resentencing consistent with its determination "that it was clear error for the district court to enhance Talley's sentence under § 3B1.1(c)" of the guidelines based upon his role in the offense. *United States v. Talley*, 188 F.3d 510, 1999 WL 685938, at *7 (6th Cir. Aug. 24, 1999).

At the resentencing hearing on December 9, 1999, the court adjusted the guideline range by removing the two-level enhancement and sentenced Defendant to 240 months imprisonment.

Defendant thereafter filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted the motion on April 13, 2010, and reduced Defendant's sentence to 212 months imprisonment, effectively reducing Defendant's sentence by over two years. In so holding, the court stated:

> Defendant's amended guideline range is 188-235 months. After taking into [account] the amended guideline range, the relevant sentencing factors, and Defendant's post-sentencing conduct, the court is persuaded a reduction is justified. The court is most persuaded by Defendant's recent activity in prison, demonstrating a seemingly positive, non-drug related, focus on improvement. While Defendant has had seven non-violent incident reports while incarcerated, he has not received any since July 12, 2007. Instead, Defendant has spent the last three years teaching chess courses, taking writing and typing classes, and apparently attempting to write a book about chess. Defendant appears to be headed in the right direction.
>
> Nonetheless, while the court finds that a reduction is appropriate, the court will not grant the maximum reduction. The court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10 cmt. n.1, and the relevant factors under 18 U.S.C. § 3553(a)–in particular to this case, the nature and severity of Defendant's offense, and the need for the sentence to reflect the purposes of penal punishment. After considering all the relevant

>factors, the court will order a reduction of sentence to 212 months, which is just over the mid-point of the relevant range. The court finds 212 months imprisonment to be the appropriate term under the circumstances of this case.

(4/13/10 Order at 4-5.)

Defendant seeks reconsideration of this conclusion, and asks the court to impose a reduction to 188 months.

## II. DISCUSSION

As an initial matter, the court will clarify that defense counsel's obligations in this matter have concluded, and the court will accept Defendant's *pro se* motion. In his motion, Defendant requests that the court "withdraw counsel for irreconcilable differences, and accept these *pro se* moving papers." (Def.'s Mot. at 1.) Ordinarily, the court does not allow multiple motions to be filed in one pleading, and the court would thus typically deny this request, which was contained within a motion for reconsideration. Nonetheless, because Defendant seeks relief which, in the court's view, is unnecessary, the court will clarify the scope of counsel's representation. The court appointed counsel to "determine eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. § 3582(c) motions." (7/07/08 Order at 1.) Accordingly, defense counsel's obligations concluded at the time the court entered its order granting a reduction of sentence. For clarity of the docket, the court will terminate defense counsel's representation and Defendant will be allowed to proceed *pro se*.

A party moving for reconsideration must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion

3

have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR (h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

As stated above, after concluding that Defendant was eligible for a reduction and considering all the relevant factors, the court reduced Defendant's sentence to 212 months of imprisonment. Defendant now argues that additional factors were not considered by the court which warrant a further reduction. Specifically, Defendant argues that his family background, current family circumstances, as well as his rehabilitation and educational pursuits justify a reduction to the low end of the recommended range. The court disagrees. In reaching its conclusion, the court has considered the amended guideline range, the factors set forth in 18 U.S.C. § 3553(a),[1] "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10 cmt. n.1, and "[t]he . . . post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment," *id*. Defendant does not argue that the court was somehow misled by any of these factors but rather sets forth additional arguments to consider in making the determination. However, "the court will not grant

---

[1]These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the purposes of penal punishment, including retributivism, deterrence, incapacitation, and rehabilitation, (3) the kinds of sentences available, (4) the applicable sentencing range under the guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

To the extent that Defendant argues that the court was somehow misled that Defendant poses a risk of danger to the community when released from prison, the court did not base its determination on any high degree of such risk. While the court noted that such considerations factored into the court's decision, the court specifically stated that its conclusion was based on all the relevant factors but *particularly* on "the nature and severity of Defendant's offense, and the need for the sentence to reflect the purposes of penal punishment." (4/13/10 Order at 5.) The court previously found and reiterates now that "[a]fter considering all the relevant factors . . . 212 months imprisonment [is] the appropriate term under the circumstances of this case." (*Id.*) Nothing in Defendant's current motion persuades the court that a different sentence is warranted. Inasmuch as Defendant has failed to identify a palpable defect by which the court has been misled, the court will deny his motion.

Finally, the court notes that Defendant includes in the last paragraph of his motion a request that, if the court denies his motion, his motion be "considered as a Notice of Appeal and that the [c]ourt will grant the Defendant . . . Leave to Proceed In Forma Pauperis on appeal." (Def.'s Mot. at 5.) As stated above, the court does not allow multiple motions or pleadings to be folded into another motion. If Defendant seeks to appeal this order, or the prior order, he will need to timely file a notice of appeal and separate motion to proceed in forma pauperis.

### III.  CONCLUSION

IT IS ORDERED that Defense Counsel's representation is TERMINATED and Defendant Venton Dale Talley is deemed to be proceeding *pro se.*

IT IS FURTHER ORDERED that Defendant's motion for reconsideration is [Dkt. # 145] is DENIED.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2010, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522